No. 23-10534

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

IN THE MATTER OF: HIGHLAND CAPITAL MANAGEMENT, L.P.,

DEBTOR

HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., NOW KNOWN AS NEXPOINT ASSET MANAGEMENT, L.P.; NEXPOINT ADVISORS, L.P.,

APPELLANTS

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

APPELLEE.

Direct Appeal from the United States Bankruptcy Court
for the Northern District of Texas
Case No. 19-34054-sgj11

## JOINT MOTION TO CONTINUE ORAL ARGUMENT

| | | |
|---|---|---|
| **MUNSCH HARDT KOPF & HARR, P.C.** | **PACHULSKI STANG ZIEHL & JONES LLP** | **HAYWARD PLLC** |
| Davor Rukavina | Jeffrey N. Pomerantz | Melissa S. Hayward |
| 500 North Akard St., Suite 4000 | John A. Morris | Zachery Z. Annable |
| Dallas, TX | Gregory V. Demo | 10501 N. Central Expy, Suite 106 |
| (214) 855-7500 | Jordan A. Kroop | Dallas, TX 75231 |
| | 10100 Santa Monica Blvd., 13th Fl. | (972) 755-7100 |
| *Counsel for Appellants* | Los Angeles, CA 90067 | |
| | (310) 277-6910 | |
| | | *Counsel for Appellee* |

4861-0363-2278.1 36027.003

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that:

a) There are no other debtors associated with this bankruptcy case other than Highland Capital Management L.P., and there are no publicly-held corporations that own 10% or more of Appellee Highland Capital Management, L.P., which is not a corporation or a parent corporation;

b) The following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. **Appellants Highland Capital Management Fund Advisors, L.P., now known as NexPoint Asset Management, L.P., and NexPoint Advisors, L.P.**

    Counsel for Appellants:

    MUNCSCH HARDT KOPF & HARR, P.C.
    Davor Rukavina
    Julian P. Vasek
    500 North Akard St., Ste. 3800
    Dallas, TX 75201
    Telephone: (214) 855-7500

2. **Appellee Highland Capital Management, L.P.**

    Counsel for Appellee:

    PACHULSKI STANG ZIEHL & JONES LLP
    Jeffrey N. Pomerantz
    10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA 90067
    Telephone: (310) 277-6910

PACHULSKI STANG ZIEHL & JONES LLP
John A. Morris
Gregory V. Demo
Jordan A. Kroop
780 Third Avenue, 34th Floor
New York NY 10017-2024
Telephone: (212) 561-7700

HAYWARD PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100

3. **Highland Claimant Trust, the beneficiaries of which comprise the creditors of Highland Capital Management, L.P.**

   Indirectly interested party

   Counsel for Highland Claimant Trust:

   PACHULSKI STANG ZIEHL & JONES LLP
   Jeffrey N. Pomerantz
   10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
   Telephone: (310) 277-6910

   PACHULSKI STANG ZIEHL & JONES LLP
   John A. Morris
   Gregory V. Demo
   Jordan A. Kroop
   780 Third Avenue, 34th Floor
   New York NY 10017-2024
   Telephone: (212) 561-7700

HAYWARD PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100

                                         */s/ Zachery Z. Annable*
                                         Zachery Z. Annable

                                         *Counsel for Appellee*

Pursuant to Federal Rules of Appellate Procedure 27 and 34, Appellants NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P., and Appellee Highland Capital Management, L.P. respectfully request that the Court defer oral argument in this case until the Supreme Court's decision in *Harrington v. Purdue Pharma L.P.*, No. 23-124.

1. On November 20, 2023, this Court tentatively calendared oral argument in this case for the week of February 5, 2024. Dkt. 50.

2. Good cause exists for postponing oral argument.

3. This appeal arises from the Court's earlier decision concerning Highland's plan of reorganization. *Matter of Highland Cap. Mgmt., L.P.*, 48 F.4th 419 (5th Cir. 2022). As initially confirmed by the bankruptcy court, Highland's plan exculpated some non-debtor third parties for certain post-petition, bankruptcy-related conduct. *Id.* at 435-36. It also included a gatekeeping provision, requiring permission from the bankruptcy court before suing certain protected non-debtors. *Id.* Relying on its past precedent that nonconsensual third-party releases violate 11 U.S.C. § 524(e), the Court held that the Highland plan's exculpation of certain non-debtors was impermissible and ordered the exculpations of those non-debtor entities struck from the plan. *Id.* at 438 (citing *In re Pac. Lumber Co.*, 584 F.3d 229 (5th Cir. 2009)).

4. As this Court acknowledged, "[t]he simple fact of the matter is that there is a circuit split concerning the effect and reach of § 524(e)." *Id.* at 436.

5. Since this Court ruled, there has been action in both higher and lower courts. In the Supreme Court of the United States, Appellee filed a cert. petition urging the Court to resolve the acknowledged circuit split on Section 524(e). No. 22-631, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-631.html. Appellants filed their own cert. petition raising what they contend are related issues. No. 22-669, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-669.html. Both petitions remain pending.

6. Meanwhile, the bankruptcy court, accepting Appellee's interpretation of this Court's opinion, conformed Highland's plan by striking certain non-debtor entities from the plan's exculpation. Appellants brought this appeal, arguing that this Court's prior decision *also* struck nearly all non-debtors from Highland's gatekeeping provision. In part, they argue that the scope of permissible exculpation and gatekeeping is identical, and so the Court's holding on the former necessarily applies with equal force to the latter. *See, e.g.*, Appellants' Opening Br. 14 ("If the Bankruptcy Court lacks the jurisdiction and power to exculpate third party claims, then it must also lack the jurisdiction and power to enjoin third party claims . . . .")

7. The scope of permissible exculpation is currently before the Supreme Court of the United States in a factually unrelated case. On December 4, 2023, the Supreme Court heard argument in *Harrington v. Purdue Pharma L.P.*, No. 23-124. That case concerns whether the Bankruptcy Code permits nonconsensual third-party releases. Though releases are broader than third-party exculpations, during oral argument, Justice Sotomayor inquired whether and how the Supreme Court could rule that nonconsensual third-party releases are impermissible without affecting the legality of exculpation clauses such as those in Highland's plan, which are also the subject of two pending cert. petitions before the Supreme Court. 12/4/23 S. Ct. Tr. at 37-38; *see* Nos. 22-631, 22-669. In response, the government stated that there is "a great deal of overlap" between *Purdue Pharma* and the exculpation provisions at issue in Highland's plan. 12/4/23 S. Ct. Tr. at 38.

8. The Supreme Court's resolution of the permissibility of third-party releases in *Purdue Pharma* could therefore undermine or bolster this Court's prior ruling that Highland's plan impermissibly exculpated certain non-debtors. Because the rationale disallowing exculpation of non-debtors is central to Appellants' arguments in this appeal, the Supreme Court's resolution of *Purdue Pharma* will affect the Court's resolution of this appeal. If the Supreme Court rules that non-debtor exculpation is authorized by the Bankruptcy Code, then Appellee will argue that Appellants cannot attempt to limit the Highland plan's gatekeeper provision by

relying on this Court's earlier opinion on non-debtor exculpation. Conversely, if the Supreme Court rules that non-debtor exculpation is not authorized, then the Appellants will argue that the same logic would necessarily apply to the Plan's gatekeeper provision.

9. Interpretation of this Court's opinion before the Supreme Court of the United States rules on the legality of exculpation clauses (one way or the other) by the end of June 2024—a decision which could be fatal to this appeal—could waste judicial resources and would likely involve additional post-hearing proceedings before this Court anyway to address the likely implications of said ruling to this case. The parties therefore respectfully request that the Court postpone or abate oral argument until the Supreme Court issues its decision in *Purdue Pharma*, at which time the parties and the Court may consider how best to proceed in this case in light of said decision.

Dated: December 11, 2023

Respectfully submitted,

**HAYWARD PLLC**

*Zachery Z. Annable*
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Suite 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

*Counsel for Appellee*

-and-

**MUNSCH HARDT KOPF & HARR, P.C.**

*Davor Rukavina*
Davor Rukavina
500 North Akard St., Suite 3800
Dallas, TX
Tel: (214) 855-7500
Fax: (214) 855-7584

*Counsel for Appellants*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume, typeface, and type-style requirements of Federal Rules of Appellate Procedure 27(d) and 32(c)(1), and Fifth Circuit Rules 27.4, 32.1, and 32.2. The motion contains 791 words and was prepared using Microsoft Word in Times New Roman 14-point font.

*/s/ Zachery Z. Annable*
Counsel for Appellee
December 8, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023 the foregoing motion was electronically filed using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished via CM/ECF.

*/s/ Zachery Z. Annable*
Counsel for Appellee
