Case No. 23-10534

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

In the Matter of: Highland Capital Management, L.P.,

     Debtor.

---

Highland Capital Management Fund Advisors, L.P., now known as NexPoint Asset Management, L.P.; NexPoint Advisors, L.P.,

     Appellants,

v.

Highland Capital Management, L.P.,

     Appellee.

## RESPONSE TO APPELLEE'S OPPOSED
## MOTION TO STAY ISSUANCE OF MANDATE
## PENDING PETITION FOR WRIT OF CERTIORARI

On Direct Appeal from the United States Bankruptcy Court for the
Northern District of Texas, the Honorable Stacey G.C. Jernigan
Case no. 19-34054-sgj11

Davor Rukavina, Esq.
**MUNSCH HARDT KOPF & HARR, P.C.**
500 North Akard St., Ste. 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.  **Appellants:**

    **NexPoint Advisors, L.P.**
    > Owned by:
    >> The Dugaboy Investment Trust
    >> NexPoint Advisors GP, LLC
    >>> Owned by:
    >>>> James Dondero

    **Highland Capital Management Fund Advisors, L.P., now known as NexPoint Asset Management, L.P.**
    > Owned by:
    >> Highland Capital Management Services, Inc.
    >> Strand Advisors XVI, Inc.
    >> Okada Family Revocable Trust

    > Counsel:
    > Davor Rukavina, Esq.
    > Julian P. Vasek, Esq.
    > Munsch Hardt Kopf & Harr, P.C.
    > 500 N. Akard Street, Ste. 3800
    > Dallas, Texas 75201-6659

2. **Appellee:**

   **Highland Capital Management, L.P.**

   > Counsel:
   > Melissa Sue Hayward, Esq.
   > Zachery Z. Annable, Esq.
   > Hayward P.L.L.C.
   > 10501 N. Central Expy. Ste. 106
   > Dallas, TX 75231
   >
   > Jeffrey N. Pomerantz
   > John A. Morris
   > Pachulski Stang Ziehl & Jones, LLP
   > 10100 Santa Monica Boulevard, 13th Floor
   > Los Angeles, CA 90067

3. **The Highland Claimant Trust, a Delaware trust, the beneficiaries of which compromise the creditors of Highland Capital Management, L.P.**
   Indirectly interested party

   > Counsel:
   > Melissa Sue Hayward, Esq.
   > Zachery Z. Annable, Esq.
   > Hayward P.L.L.C.
   > 10501 N. Central Expy. Ste. 106
   > Dallas, TX 75231
   >
   > Jeffrey N. Pomerantz
   > John A. Morris
   > Pachulski Stang Ziehl & Jones, LLP
   > 10100 Santa Monica Boulevard, 13th Floor
   > Los Angeles, CA 90067

   By: */s/ Davor Rukavina*
   Davor Rukavina, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................iv

I.    INTRODUCTION ......................................................................................1

II.   RELEVANT BACKGROUND ................................................................2

    A.  ON APPEAL FROM THE BANKRUPTCY COURT'S PLAN CONFIRMATION
        ORDER, THE COURT ISSUES ITS OPINION IN HIGHLAND I........................2

    B.  THE PARTIES SEEK SUPREME COURT REVIEW OF HIGHLAND I..............4

    C.  THE BANKRUPTCY COURT IGNORES THE FIFTH CIRCUIT'S MANDATE ON
        REMAND FROM HIGHLAND I .................................................................6

    D.  THE SUPREME COURT DECIDES PURDUE PHARMA AND SUBSEQUENTLY
        DENIES THE HIGHLAND CERT PETITIONS .............................................7

    E.  THE PANEL ISSUES ITS OPINION IN HIGHLAND II .................................8

III.  THE COURT SHOULD DENY HIGHLAND'S MOTION TO STAY THE
     MANDATE ........................................................................................10

    A.  HIGHLAND'S SUGGESTED PETITION FOR A WRIT OF CERTIORARI DOES
        NOT PRESENT A SUBSTANTIAL QUESTION ...........................................11

        1.  The Questions Highland Poses Were Not Decided by the Panel
             in Highland II ...............................................................11

        2.  Highland is too Late to Seek Supreme Court Review of the
             Questions It Poses ..........................................................13

        3.  The Supreme Court Already Considered, and Denied Review, of
             the Issues Highland Raises ...............................................15

    B.  HIGHLAND FAILS TO DEMONSTRATE IRREPARABLE HARM SUFFICIENT TO
        SUPPORT A STAY ..............................................................................17

IV.   CONCLUSION.........................................................................................22

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).....................................................22

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
977 F.3d 1379 (Fed. Cir. 2020).................................................................18

*Barber v. International Bhd. of Boilermakers*,
841 F.2d 1067 (11th Cir. 1988) ...............................................................13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..............................22

*Conkright v. Frommert*, 556 U.S. 1401 (2009) .......................................18

*Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024) .............................*passim*

*Highland Cap. Mgmt., L.P. v. NexPoint Asset Mgmt., L.P.*,
No. 3:21-CV-0880-X, 2024 WL 5202496 (N.D. Tex. Dec. 23, 2024) ...................20

*In re Highland Cap. Mgmt., L.P. (Highland I)*,
48 F.4th 419 (5th Cir. 2022) ...................................................................*passim*

*In re Highland Cap. Mgmt., L.P.*,
2022 WL 3571094 (5th Cir. Aug. 19, 2022) ...............................................3

*In re Highland Cap. Mgmt., L.P.*,
No. 19-34054-SGJ-11, 2023 WL 5523949 (Bankr. N.D. Tex. Aug. 25, 2023) .....21

*In re Pac. Lumber Co.*, 584 F.3d 229 (5th Cir. 2009) ...............................3

*Matter of Highland Cap. Mgmt., L.P. (Highland II)*,
132 F.4th 353 (5th Cir. 2025) ..................................................................*passim*

*McBride v. CSX Transp., Inc.*, 611 F.3d 316 (7th Cir. 2010) ..................18

*Sampson v. Murray*, 415 U.S. 61 (1974) ................................................18

*S. Park Indep. Sch. Dist. V. United States*, 453 U.S. 1301 (1981) ............11, 16, 17

iv

*Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 572 U.S. 1301 (2014) ...............17, 19, 21

*Trinidad v. McCaughtry*, 17 Fed. App'x 394 (7th Cir. 2001) .................................13

*United States v. Becerra*, 155 F.3d 740 (5th Cir. 1998 .......................................2, 13

*United States v. Bell*, 5 F.3d 64 (4th Cir. 1993)...................................................... 13

*United States v. Bogle*, 855 F.2d 707 (11th Cir. 1988).....................................18, 19

*United States v. Matthews*, 312 F.3d 652 (5th Cir. 2002) .......................................12

*United States v. Porrello*, 350 Fed. App'x 91 (8th Cir. 1991) ..............................13

*White v. Florida*, 458 U.S. 1301 (1982) ................................................................18

## Statutes

*Fed. R. App. P. 41(d)(1)*..........................................................................................10

*Fifth Cir. Rule 8.9* .......................................................................................10, 11, 18

## Other Authorities

1B Moore's Federal Practice ¶ 0.404(10) (1984) ...................................................13

# I.  **INTRODUCTION**

Highland's Motion to Stay Issuance of Mandate Pending Petition for Writ of Certiorari ("Motion") finds no footing in fact or law.  Highland argues that its forthcoming petition for certiorari will raise "substantial" questions worthy of Supreme Court review.  But as explained below, those questions have no mooring in the Panel's most recent Opinion and either were or should have been raised years ago, after the Court issued its decision in *In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419 (5th Cir. 2022) ("*Highland I*").  *Highland I* resolved both questions that Highland says now merit certiorari, and the Supreme Court's recent decision in *Harrington v. Purdue Pharma L.P. ("Purdue Pharma")*, 603 U.S. 204 (2024) put at least one of the questions raised by Highland to rest once and for all.  Further, presented with the opportunity to review the non-debtor protection provisions contained in Highland's plan of reorganization, the Supreme Court *already* declined, after inviting briefing from the Solicitor General.  There is no logical reason to believe that it would change its mind so soon.  Finally, Highland does not come close to demonstrating the type of irreparable harm that is required to justify a stay under the law.  Indeed, it is the Appellants and others—

who have been barred for four years from pursuing lawful claims against non-debtor third parties—that have been irreparably harmed as they have awaited vindication in this Court. The mandate should issue, and Highland's Motion should be denied.

## II. <u>RELEVANT BACKGROUND</u>

Highland's Motion ignores relevant procedural history, mischaracterizes the holdings of this Court in two appeals, and posits that the Supreme Court will take up issues that it has already resolved adversely to Highland or previously refused to review. As the proceedings in this Court and below reveal, Highland's contemplated petition for writ of certiorari has no merit.

### A. On Appeal from the Bankruptcy Court's Plan Confirmation Order, the Court Issues Its Opinion in *Highland I*

The journey in this case began when various parties appealed the bankruptcy court's order confirming Highland's Fifth Amended Plan of Reorganization (as Modified) (the "Plan"), in Case Number 21-10449.[1] In that appeal, various parties argued that the Plan's Exculpation Provision

---

[1] Despite Highland's misrepresentation to the contrary, the United States Trustee (an arm of the Department of Justice) also objected to the confirmation of its Plan. The United States Trustee, however, did not appeal.

and Injunction Provision (along with its Gatekeeper Clause) (collectively, the "Protection Provisions") impermissibly exculpated and protected non-debtors in violation of Bankruptcy Code § 524(e) and this Court's holding in *In re Pac. Lumber Co.*, 584 F.3d 229 (5th Cir. 2009). *See* ROA. 1040.[2] The Court issued its initial opinion in the appeal on August 19, 2022. *In re Highland Cap. Mgmt., L.P.*, 2022 WL 3571094 (5th Cir. Aug. 19, 2022) (the "First Opinion"). Writing for the Court, Judge Duncan summarized the Court's holding on the Protection Provisions as follows:

> [T]he Plan violates § 524(e) but only insofar as it exculpates and enjoins certain non-debtors. The exculpatory order is therefore vacated as to all parties *except* Highland Capital, the Committee and its members, and the Independent Directors for conduct within the scope of their duties. We otherwise affirm the inclusion of the injunction and gatekeeper provisions in the Plan.

*Id*. at *14. Notably, in its opinion, the Fifth Circuit expressly rejected Highland's proffered justification (deterring "vexatious" litigation) for the non-debtor Protection Provisions. The Court implicitly acknowledged that Highland had never undertaken "procedures to designate [Dondero and his affiliates] vexatious litigants," and emphasized that "non-debtor

---

[2] The Appellants adopt the naming conventions for the relevant provisions of the Plan used by the Panel in its Opinion. *See* Doc. 68-1 at 3. The full text of the Exculpation Provision, the Injunction Provision, and the Gatekeeper Clause are set forth at pages 3–5 of the Panel's Opinion.

exculpation within a reorganization plan *is not a lawful means to impose vexatious litigant injunctions and sanctions.*" *Id.* at *14 n.19.

Believing that the Court's opinion created uncertainty, several appellants filed a petition for limited panel rehearing seeking confirmation that the Plan's Injunction Provision and Gatekeeper Clause should be narrowed coextensively with the Exculpation Provision. ROA.975–76.

The Court granted the appellants' petition for panel rehearing, withdrew its original opinion, and substituted a new opinion (again authored by Judge Duncan) striking the sentence: "The injunction and gatekeeper provisions are, on the other hand, perfectly lawful." *In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 424, 438 (5th Cir. 2022) ("*Highland I*"). Striking the language "perfectly lawful" was a clear expression of the Court's view that the Gatekeeper Clause was not perfectly lawful as written. The Court then remanded the case to the bankruptcy court for further proceedings consistent with its opinion.

## B. The Parties Seek Supreme Court Review of *Highland I*

While the case was on remand, Highland and Appellants filed competing petitions for writ of certiorari (the "*Highland* Cert Petitions")

with the Supreme Court. Highland sought review of one of the two issues it now contends warrants Supreme Court review of the Panel's Opinion— i.e., whether a bankruptcy plan may exculpate non-debtors from liability for actions taken during the bankruptcy and beyond. *In re Highland Cap. Mgmt., L.P.*, No. 22-631, Petition for Writ of Certiorari ("Highland Pet.") at 3–4. Highland emphasized the circuit split regarding the meaning and scope of § 524(e) and urged the Supreme Court to adopt the reasoning of those circuits that permit the exculpation of non-debtors. *Id.* Appellants, for their part, sought review of *Highland I* insofar as it extended the protections of § 524(e) to the Independent Directors and exculpated conduct occurring after the consummation of the Plan. *In re Highland Cap. Mgmt., L.P.*, No. 22-669 (S. Ct.), Petition for Writ of Certiorari at (i).

The Supreme Court invited briefing from the Solicitor General on the *Highland* Cert Petitions. Of note, the Solicitor General interpreted *Highland I* as narrowing the scope of the Gatekeeper Clause: "As for the injunction and gatekeeper provisions, the court determined that the bankruptcy courts have authority to enjoin conduct *with respect to the narrowed group of exculpated parties.*" *See* No. 22-669 and 22-631, Brief of Amicus Curiae ("SG Br.") at 8 (emphasis added). The Solicitor General

recommended that the Supreme Court hold any decision on the *Highland* Cert Petitions until rendering a decision in *Harrington v. Purdue Pharma L.P.* (*"Purdue Pharma"*), *cert. granted*, 23-124, after which time the Supreme Court should "dispose of the petitions as appropriate in light of the Court's disposition in that case." SG Br. at 13.

## C. The Bankruptcy Court Ignores the Fifth Circuit's Mandate on Remand from *Highland I*

While the *Highland* Cert Petitions remained pending, the bankruptcy court heard arguments regarding how it should conform Highland's Plan to comply with the Fifth Circuit's mandate in *Highland I*. ROA.1074–1173. Notwithstanding that this Court *granted* panel rehearing specifically to clarify the scope of the Injunction Provision and Gatekeeper Clause, the bankruptcy court issued a Memorandum Opinion and Order ("Order Upon Remand"), modifying the Plan *solely* to strike certain non-debtor parties from the Plan's Exculpation Provision but refusing to make a coextensive change to the Injunction Provision and Gatekeeper Clause. ROA.13–31. Believing that the Order Upon Remand flouted this Court's directive in *Highland I*, Appellants sought leave to appeal, which this Court granted. ROA.1207. That appeal led to the

Panel Opinion now at issue, *In re Highland Capital Mgmt., L.P.*, No. 23-10534, Doc. 68-1 ("*Highland II*").

### D. The Supreme Court Decides *Purdue Pharma* and Subsequently Denies the *Highland* Cert Petitions

On June 27, 2024, the Supreme Court issued its opinion in *Purdue Pharma*. 603 U.S. 204 (2024). In that opinion, the Supreme Court addressed the *very same circuit split* (and indeed several of the same cases) that Highland cites in its Motion and held that the Bankruptcy Code "does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a nondebtor without the consent of the affected claimants." *Id.* at 214 n.1, 227.

As Highland points out, after the Supreme Court published its decision in *Purdue Pharma*, the parties filed supplemental briefs urging the Court to grant the *Highland* Cert Petitions. The Appellants argued that the Supreme Court's opinion in *Purdue Pharma* "strongly" supports the Fifth Circuit's conclusion in *Highland I* that non-debtor exculpations are impermissible but urged the Court to say so explicitly. Highland urged precisely what it does here—that exculpations are different from releases and may be extended to non-debtor third parties for actions

undertaken during the bankruptcy proceedings. On July 2, 2024, the Supreme Court denied both parties' petitions.

### E.    The Panel Issues its Opinion in *Highland II*

On March 18, 2025, the Panel issued its Opinion in this appeal. Notably, among the panelists was Judge Duncan, who authored both the First Opinion and the opinion on rehearing in *Highland I*. *See* Panel Op. at 1. In *Highland II*, the Panel summarized its holding as follows:

> We conclude that the bankruptcy court failed to properly implement our instructions in *Highland I* when it declined to narrow the definition of 'Protected Parties' used in the Gatekeeper Clause to include only '(i) the Debtor; (ii) the Independent Directors, for conduct within the scope of their duties; (iii) the Committee; and (iv) the members of the Committee in their official capacities, for conduct within the scope of their duties.'" In failing to make this change, the bankruptcy court exceeded its power under the Bankruptcy Code by allowing the Plan to improperly protect non-debtors from liability.

*Id*. at 8. In other words, the Panel limited its Opinion in *Highland II* to holding that the bankruptcy court failed to properly implement the Court's mandate in *Highland I*. In this regard, the Panel pointed to two sections of *Highland I* that plainly required the Gatekeeper Clause to be narrowed coextensively with the Exculpation Provision.

First, the Panel cited Part IV(E)(2) of *Highland I*, where the Court stated that "'Appellants' primary contention—that the Plan's injunction is broad—by releasing non-debtors in violation of § 524—is resolved by our striking the impermissibly exculpated parties.'" Panel Op. at 13 (quoting *Highland I*, 48 F.4th at 438) (cleaned up). As the Panel explained, "[t]here is only one possible reading of this plain language: that we made a change to solve the Gatekeeper Clause's broadness— namely, narrowing it to protect the same persons and entities as the narrowed Exculpation Provision lawfully protects." *Id.* Indeed, the Panel explained that "any other reading of *Highland I* would improperly grant the bankruptcy court authority to enforce what is perhaps the broadest gatekeeper injunction ever written into a bankruptcy confirmation plan," which is "patently beyond the power of an Article I court under § 105." *Id.* at 16.

Second, the Panel referred to *Highland I*'s summary of Part IV(E), which the Panel read as narrowing both the Exculpation Provision and the Gatekeeping Provision coextensively. In that regard, the Panel quoted that portion of the summary stating that "'the Plan violates § 524(e) but only insofar as it exculpates *and enjoins* certain non-

debtors.'" Panel Op. at 14 (quoting *Highland I*, 48 F.4th at 439) (emphasis in original). According to the Panel, "[t]his is a crystal-clear statement of *Highland I*'s holding that the Plan was unlawful in that it both released *and* enjoined non-debtors that could not lawfully be protected." *Id.* Combined with the Court's usage of the phrase "[the Court] '*otherwise* affirm[ed] the inclusion of the injunction and gatekeeper provisions,'" *Highland I* made obvious that an alteration was made to the Gatekeeper Clause. *See id.*

The Panel denied Highland's petitions for rehearing and rehearing en banc on April 28, 2025. Highland's Motion followed.

## III.  THE COURT SHOULD DENY HIGHLAND'S MOTION TO STAY THE MANDATE

Against this procedural backdrop, Highland's Motion falls well short of demonstrating that a stay of the Court's mandate is warranted. Notably, the Court has advised that "stays to permit the filing and consideration of a petition for a writ of certiorari ordinarily will not be granted." Fifth Cir. Rule 8.9. The movant bears the burden of showing "that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). To meet its burden, the movant must demonstrate: (1) "a reasonable probability" that four

Justices of the Supreme Court will vote to grant certiorari; (2) "a significant possibility of reversal" of the appellate court's decision; and (3) "a likelihood that irreparable harm will result if that decision is not stayed." *S. Park Indep. Sch. Dist. v. United States*, 453 U.S. 1301, 1303 (1981) (Powell, J., in chambers); *see also* Fifth Cir. Rule 8.9 (listing same criteria).

### A. Highland's Suggested Petition for a Writ of Certiorari Does Not Present a Substantial Question

Highland posits that there are two "certworthy" questions to be posed in its forthcoming petition for a writ of certiorari: (1) whether the Panel correctly struck various non-debtors from the scope of the Gatekeeper Clause contained in Highland's Fifth Amended Plan of Reorganization (as Modified) ("Plan"); and (2) whether the bankruptcy courts have authority to exculpate or release non-debtors from liability arising from the bankruptcy process. Mot. at 3, 5. But as explained below, these questions are not even reviewable, much less "certworthy."

### 1. The Questions Highland Poses Were Not Decided by the Panel in *Highland II*

There is a threshold barrier to review by the Supreme Court that Highland cannot surmount: the questions Highland poses have nothing to do with the Panel's actual holding. In their appeal of the bankruptcy

court's Order Upon Remand, Appellants raised only one issue for review by the Panel: whether the bankruptcy court erred, as a matter of law, by failing to conform the Plan to the Court's mandate in *Highland I* by failing to limit the scope of the Gatekeeper Clause coextensively with the Exculpation Provision. Appellants' Br. at 2. In its responsive brief, Highland agreed that this appeal was a "simple" one, limited to the issue of whether the bankruptcy court properly implemented *Highland I*. Appellee Br. at 1. Accordingly, as explained above, the Panel limited its Opinion to interpreting *Highland I*'s holding and concluding that the bankruptcy court failed to implement the Court's mandate in view of that holding.

There is no "certworthy" question arising from that limited Opinion. A federal appellate court is free to interpret its own jurisprudence and to require a lower court to comply with that jurisprudence. Indeed, it is axiomatic that "a lower court on remand *must implement both the letter and the spirit* of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (quoting *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998)) (emphasis added); *see also*

*Trinidad v. McCaughtry*, 17 Fed. App'x 394, 396 (7th Cir. 2001) ("It was (and is) the obligation of the district court to implement our mandate even if unpersuaded by our rationale. Ours is a hierarchical judiciary, and judges of inferior courts must carry out decisions they believe mistaken.") (internal quotations and citation omitted); *accord United States v. Porrello*, 350 Fed. App'x 91, 92 (8th Cir. 1991); *Barber v. International Bhd. of Boilermakers,* 841 F.2d 1067, 1070 (11th Cir. 1988); *United States v. Bell,* 5 F.3d 64, 66 (4th Cir. 1993); 1B Moore's Federal Practice ¶ 0.404(10), at 172 (1984). There is no circuit split on this unremarkable principle of law and no reason for the Supreme Court to weigh in on it.

### 2. Highland is too Late to Seek Supreme Court Review of the Questions It Poses

Highland's proposed issues for Supreme Court review also are untimely. Those questions could and should have been raised, if at all, in a petition for certiorari from this Court's decision in *Highland I*. In fact, Highland *actually sought* Supreme Court review of its second question—i.e., whether the bankruptcy courts have authority to exculpate or release non-debtors from liability arising from the bankruptcy process—in its petition for certiorari from *Highland I*.

13

Specifically, the question presented in Highland's petition was whether Bankruptcy Code § 524(e) bars a court from confirming a plan of reorganization that releases third parties from liability, or through "limited exculpation for negligence claims relating to the administration of the bankruptcy estate." Highland Pet. at (i). And as set forth above, the Supreme Court *denied* Highland's petition.

Further, Highland had every opportunity to appeal its first question—i.e., whether the Panel correctly struck various non-debtors from the scope of the Gatekeeper Clause contained in Highland's Plan—after this Court issued its opinion in *Highland I*. As explained above, in *Highland I*, this Court held that Highland's Plan "violate[d] § 524(e), but only insofar as it exculpates and enjoins certain non-debtors." 48 F.4th at 439. And this Court expressly *granted* rehearing to clarify the scope of the Injunction Provision and Gatekeeper Clause and *removed* the sentence of its First Opinion characterizing those Protection Provisions as "perfectly lawful." *Id.* at 419, 424, 438. As even the Solicitor General recognized, the only permissible reading of *Highland I* is that this Court intended to narrow the Injunction Provision and Gatekeeper Clause coextensively with the Exculpation provision. SG Br., Case No. 22-669,

at 8.  If Highland wanted the Supreme Court to review this Court's decision regarding the scope of the Gatekeeper Clause, it could and should have done so in its petition for review of *Highland I*.  It is too late to do so now.

### 3. The Supreme Court Already Considered, and Denied Review, of the Issues Highland Raises

Highland acknowledges, as it must, that the Supreme Court *denied* review of this Court's decision in *Highland I*, even though the Court was armed with the Solicitor General's interpretation of that decision, and even though both *Highland* Cert Petitions urged the Court to explicitly address the Plan's Exculpation Provision.  Mot. at 8.  Highland nonetheless argues that the Supreme Court's denial of the petitions was due to "the interlocutory posture of the case" or because the Court wished to let the issues presented "percolate."  *Id.*

These arguments—based on nothing more than Highland's own speculation—make no sense.  At the time the Supreme Court denied review of *Highland I*, Highland's Plan had long since been confirmed, gone effective, and been consummated in part.  The only thing that has changed since that time is that the bankruptcy court refused to implement the directives of *Highland I*, a problem rectified by the Panel

in its Opinion.  In other words, there is nothing about the procedural posture of the bankruptcy case that makes review of the issues raised by Highland more appropriate now.  To the contrary, as set forth above, the issues Highland seeks to raise are more than two years old and could have been raised previously, making it far *less* likely the Supreme Court will take them up on certiorari.  Highland's argument that the issues have now had more time to "percolate" is even more bizarre.  The circuit split that Highland says could be resolved on certiorari has existed for more than a decade (and was resolved at least in part by *Purdue Pharma* in a manner inconsistent with Highland's arguments).  There is no reason to believe that the passage of a few more months has ripened the issues enough to merit further review.

Indeed, past is precedent when determining whether four Justices of the Supreme Court would vote to grant certiorari.  *See S. Park Indep. Sch. Dist.*, 453 U.S. at 1303–04.  In *South Park Independent School District v. United States*, this Court reversed the lower court's ruling on school segregation and remanded for further evidentiary hearings.  *Id.* at 1302.  A petition for a writ of certiorari was filed, and the Supreme Court denied certiorari.  *Id.*  On remand, the lower court affirmed the school

district's plan. *Id*. at 1302–3. But this Court again reversed. *Id*. at 1303. In denying the school district's motion to stay the mandate on remand, Justice Powell (as Circuit Justice) concluded that "[t]he issues presented by applicants are almost identical to those presented three years ago, when the Court voted to deny certiorari." *Id*. at 1304. On that basis, this Court denied the motion to stay: "Because this argument did not persuade the Court then, I cannot predict responsibly that it will persuade the Court now." *Id*.

Likewise here, there is no reason to believe that the Supreme Court will be persuaded to review Highland's meritless and tardy petition for writ of certiorari on issues that the Court has already refused to review. Highland's Motion fails to establish the existence of a substantial question, and there is no basis to stay the mandate.

## B. Highland Fails to Demonstrate Irreparable Harm Sufficient to Support a Stay

Highland also fails to meet its burden of demonstrating "a likelihood that irreparable harm" that would result in the absence of a stay. *See Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 572 U.S. 1301, 1301–02 (2014) (Roberts, C.J., in chambers) (denying the "extraordinary relief" of staying the mandate where movant satisfied all criteria except

irreparable harm); *see also* Fifth Cir. Rule 8.9. Notably, Highland is required to make this showing with specificity. *See McBride v. CSX Transp., Inc.*, 611 F.3d 316, 318 (7th Cir. 2010). And the harm must be imminent. *White v. Florida*, 458 U.S. 1301, 1302 (1982) (Powell, J., in chambers). Further, the potential harm must be truly *irreparable. See id.* at 1302 (denying death-row inmate's motion for stay where inmate, whose execution date was not yet scheduled, established only "that he may suffer irreparable harm at some point in the future").

"Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Conkright v. Frommert*, 556 U.S. 1401, 1403 (2009) (Ginsburg, J., in chambers) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Thus, mere conjecture that parties might incur an "increased workload" and "heavier administrative burden" from possible, future litigation does not rise to the level of irreparable harm. *See United States v. Bogle*, 855 F.2d 707, 711 (11th Cir. 1988).

Nor does a risk of substantial litigation—the harm that Highland insists would befall it—constitute "irreparable" harm. *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d 1379, 1381 (Fed. Cir. 2020)

("Continued litigation . . . cannot be irreparable injury. Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.") (internal quotation omitted); *see also Bogle*, 855 F.2d at 710 (no irreparable harm occasioned by purported need to "appeal every criminal case in order to preserve . . . rights"). That is because a party burdened by frivolous litigation may seek relief in the form of Rule 11 sanctions and attorneys' fees. *Cf. Teva Pharms.*, 572 U.S. 1301, 1301–02 (because movant could recover damages for patent infringement if the Supreme Court were to hold its patent valid, there was no likelihood of irreparable harm).

Moreover, although not sufficient to demonstrate "irreparable injury," Highland's insistence that a "number of new lawsuits" might theoretically emerge if this Court does not stay the mandate also finds no factual footing. Mot. at 11. Highland does not identify a single specific lawsuit or even a litigation threat on the horizon.[3] Further, though Highland repeatedly insists that a stay would protect it from continued "vexatious" and "frivolous" litigation, Appellants have never been

---

[3] This does not mean, however, that a suit may not be filed, and the Appellants reserve all rights regarding the same.

sanctioned for filing a "frivolous" pleading.[4]  Even Highland's complaints about prior appeals and other lawsuits in state and federal courts lack any citation to the record.  In short, Highland asks the Court to stay the mandate even though Highland cannot establish that the alleged risk of harm is likely, irreparable, or imminent.  The Court should decline to do so.

In stark contrast to Highland's speculation regarding irreparable harm, Appellants and others already have suffered immeasurable harm during the four years that the Plan's overbroad Protection Provisions have been in place.  It took more than two years just to obtain the Panel's reversal of the bankruptcy court's erroneous Order Upon Remand.  Staying the mandate would force Appellants and other parties to make difficult choices regarding potential claims against non-debtor third parties that never should have been protected, including decisions regarding whether to risk the bar of relevant statutes of limitations, whether to endure mini-trials before a bankruptcy court whose

---

[4] In fact, Highland's sole effort to have James Dondero and various other entities declared "vexatious," was denied.  *Highland Cap. Mgmt., L.P. v. NexPoint Asset Mgmt., L.P.*, No. 3:21-CV-0880-X, 2024 WL 5202496, at *2 (N.D. Tex. Dec. 23, 2024).

impartiality is debatable and that has already "exceeded its powers,"[5] and whether and how to protect investors and other stakeholders from continued harm.

Highland argues that a stay would not harm Appellants because they "can still pursue any meritorious claims that they may have against the Protected Parties" by "fil[ing] their claims before the bankruptcy court." Mot. at 11–12. But that argument fails for two reasons. First, Highland's burden is to show that failure to stay the mandate would create a likelihood of irreparable harm, not that granting a stay would be harmless. *See Teva Pharms.*, 572 U.S. at 1301–02. Second, Highland's argument ignores the severe burden created by the bankruptcy court's implementation of the Gatekeeper Clause. As recounted in Appellants' Reply Brief on appeal, the Gatekeeper Clause serves, in practice, as a bar to claims that would otherwise meet the pleading standards of Federal Rule of Civil Procedure 12(b)(6). Reply Brief at 7–8 (citing *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ-11, 2023 WL 5523949 (Bankr. N.D. Tex. Aug. 25, 2023)). The bankruptcy court has already determined that the Gatekeeper Clause allows it to hold a mini-trial on the merits of any

---

[5] *Matter of Highland Cap. Mgmt., L.P.*, 132 F.4th 353, 358 (5th Cir. 2025).

claims to be filed, including weighing evidence, deciding credibility of witnesses, and ruling on issues of law. *Id.* at 8–12. That is far beyond what *Iqbal*[6] and *Twombly*[7] require, and far beyond what the bankruptcy court has post-confirmation jurisdiction to do.

The unlawful Protection Provisions have been in place far too long, and Highland has not even attempted to demonstrate the type of irreparable harm that would justify their continued enforcement.

## IV. <u>CONCLUSION</u>

This Court should deny Highland's motion to stay the mandate.

RESPECTFULLY SUBMITTED this 19th day of May, 2025.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Davor Rukavina*

Davor Rukavina, Esq.
Texas Bar No. 24030781
500 N. Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com

**ATTORNEYS FOR NEXPOINT ASSET MANAGEMENT, L.P. and NEXPOINT ADVISORS, L.P.**

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 19th day of May, 2025, a true and a correct copy of the foregoing document was served on the counsel of record listed below via electronic service.

Zachery Z. Annable, Esq.
Email:
zannable@haywardfirm.com
Hayward, P.L.L.C.
10501 N. Central Expressway, Ste.
106
Dallas, TX 75231-0000

Jeffrey N. Pomerantz
Email: jpomerantz@pszjlaw.com
Pachulski Stang Ziehl & Jones,
L.L.P.
10100 Santa Monica Blvd., 13th
Floor
Los Angeles, CA 90067

By: */s/ Davor Rukavina*
Davor Rukavina, Esq.

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this response contains 4,409 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Century Schoolbook, 14 pt. font.

Dated: May 19, 2025.

By: */s/ Davor Rukavina*
Davor Rukavina, Esq.

4901-2273-5429v.1 019717.00001